IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DAVID V. JORDAN, *Petitioner*, v. JOHN WETZEL, *et al.*, *Respondents*. | CIVIL ACTION NO. 18-05325 |

## ORDER

**AND NOW**, this 25th day of February 2020, upon consideration of Jordan's *pro se* Petition for Writ of Habeas Corpus (ECF No. 2),[1] Respondents' Response to the Petition (ECF No. 17) and United States Magistrate Timothy R. Rice's Report and Recommendation (ECF No. 28), the Court **ORDERS** that:

1. The Report and Recommendation (ECF No. 28) is **APPROVED** and **ADOPTED**;[2]

---

[1] Because Jordan used the wrong form, the Court ordered that he refile his petition using the correct 28 U.S.C. § 2254 form. *See* (Order to Refile, ECF No. 4). Jordan later submitted a revised habeas petition. (ECF No. 8). In ruling on Jordan's petition, the Court considered the substance of both the original and revised petitions.

[2] Despite being warned of the consequences of not filing timely objections, Jordan failed to object to any portion of the Report and Recommendation. *See* (R. & R. 11, ECF No. 28). The Court thus reviews it for clear error. *See* Fed. R. Civ. P. 72(b)(3), advisory committee notes ("When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."); *Henderson v. Carlson*, 812 F.2d 874, 878–79 (3d Cir. 1987) (explaining that district courts need not review a report and recommendation *de novo* when the party failed to object). Having reviewed the Report and Recommendation, the Court finds no clear errors. Jordan fails to show that any alleged state-law error deprived him of a fundamentally fair trial. *See Keller v. Larkins*, 251 F.3d 408, 413 (3d Cir. 2001). On the remaining claims, Jordan cannot establish that the state court's rulings were contrary to, or involved an unreasonable application of, clearly established federal law or were based on an unreasonable determination of the facts. *See* 28 U.S.C. § 2254(d).

1

2. Jordan's Petition (ECF No. 2) is **DENIED** and **DISMISSED with prejudice**;

3. A Certificate of Appealability shall **NOT ISSUE**, because reasonable jurists would not debate (a) that Jorden failed to make a substantial showing of the denial of a constitutional right, or (b) the correctness of the Court's procedural rulings. *See* 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); and

4. The Clerk of Court shall **MARK** the case **CLOSED**.

BY THE COURT:

*/s/ Gerald J. Pappert*

GERALD J. PAPPERT, J.